**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2163

RAYCO SAUNDERS,

Plaintiff - Appellant,

v.

RALEIGH COUNTY; SOUTHERN REGIONAL JAIL; CITY OF BECKLEY;
SCOTT E. JOHNSON, Assistant Attorney General in his Individual Capacity; T. A.
BOWERS, WV State Police in his individual capacity as a member of the West
Virginia State Police; KRISTEN KELLER, PA, in her individual capacity; BRIAN
PARSONS, APA, in his individual capacity; THE HONORABLE ADAM
DIMLICH, Judge of the Circuit Court of Raleigh county in his individual capacity;
DONNIE R. WHITE, WV State Police: in his individual capacity as a member of
the West Virginia State Police; TOMI S. PECK, Magistrate of Raleigh County in her
individual capacity; CHARLES R. HUMPHREYS, Magistrate of Raleigh county in
his individual capacity; THE COUNTY COMMISSION OF RALEIGH COUNTY;
WEST VIRGINIA DEPARTMENT OF MILITARY AFFAIRS AND PUBLIC
SAFETY,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at
Beckley.  Frank W. Volk, District Judge.  (5:20-cv-00221)

Submitted:  January 20, 2022                    Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rayco Saunders, Appellant Pro Se.  Daniel James Burns, Victor Flanagan, Beckley, West Virginia, Jared Coy Underwood, Chip Edward Williams, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia; Thomas E. Buck, BAILEY & WYANT, PLLC, Wheeling, West Virginia; Robert Edward Ryan, STEPTOE & JOHNSON PLLC, Morgantown, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayco Saunders seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing his civil action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 29, 2021. Saunders filed the notice of appeal on October 14, 2021. Because Saunders failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*] We deny as moot the motions to dismiss the appeal filed by several Appellees and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although Saunders claims in the notice of appeal that he did not receive notice of the district court's order, the district court's docket indicates the clerk served notice of its entry in accordance with Fed. R. Civ. P. 77(d), and, even if the notice of appeal was construed as a motion to reopen the time to file an appeal, the notice was filed outside the period in which reopening would be permitted under Fed. R. App. P. 4(a)(6).

3